Trachtenberg et al., Appellants, *v.* Glen Alden Coal Company et al.

Argued January 4, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*R. Lawrence Coughlin,* with him *J. S. Russin,* for appellants.

*Franklin B. Gelder,* with him *J. H. Oliver, Gilbert S. McClintock* and *M. F. McDonald,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 20, 1944:

This case originated in a bill in equity filed by plaintiffs September 27, 1943, praying for an injunction as a supersedeas to dispossession proceedings brought by the Glen Alden Coal Company, before an alderman, under the provisions of the Act of March 31, 1905, P. L. 87. The property the company sought to obtain possession of was known as 73-73½-75 and 75½ Main Street, Ashley Borough, Luzerne County. The bill alleged that the deed upon which dispossession proceedings were brought was void and should be so declared.

After judgment in favor of the Company, in the dispossession proceedings, an appeal was taken by plaintiffs, to the Court of Common Pleas and an injunction was asked for. This was granted on September 27, 1943 and twelve days later it was dissolved; hence this appeal.

In 1927, the plaintiffs were the owners of two lots, each thirty-five feet in front, on Main Street, Ashley. Prior to 1912 one of the lots had been owned by Edward W. Cole, et al., and the other by Allen M. Davis, et al. In 1912, Isaac Levy acquired title to the two lots and on November 27, 1917, conveyed both of them to the Trachtenbergs. In May, 1927, the latter desiring to improve the building on each lot borrowed $5,500.00 from the First National Bank of Ashley, and gave as security a bond and mortgage. The latter described the mortgaged property as being thirty-five feet in front on Main Street,

instead of seventy feet, and embodied only the description of the one lot conveyed by the deed from Cole to Levy. It contained this recital, "Being the same premises conveyed by Isaac Levy and Dora Levy, his wife, to Lewis Trachtenberg and Annie Trachtenberg, his wife, by deed dated the 27th day of Nevember, 1917, and recorded in Luzerne County in Deed Book 518 page 349." Thereafter the mortgagors improved their properties by installing a unified front on both houses. The payments due were in default, the bank issued execution upon a judgment entered on the bond and the property was sold at Sheriff's sale and purchased by the execution creditor, which on July 14, 1943, sold it to Glen Alden Coal Co.

On March 20, 1943, the bank presented its petition to the Court of Common Pleas of Luzerne County, reciting, inter alia: "By investigation the property had been misdescribed in the mortgage and the two recitals in the Sheriff's advertisement describing the property indicate that the property sold was the property obtained from Isaac Levy and Dora Levy, his wife, on the 27th day of Nevember, 1917, as duly recorded and being 70 feet in width in the front of Main Street, instead of 35 feet on Main Street, and 70 feet in the rear instead of 35 feet as set forth in the description of the mortgage."

The petitioner prayed that the Court "make an order directing the Sheriff to acknowledge, record and deliver a deed to the purchaser containing the description as set forth in the deed from Isaac Levy and Dora Levy, his wife, to Louis Trachtenberg and Annie Trachtenberg, his wife, dated November 27, 1917, and recorded in Luzerne County in Deed Book 518 page 349; and that the description in the record of said mortgage be corrected accordingly." This petition was granted.

We are not now called upon to decide whether the court below had the power in fi. fa. proceeding upon a bond to correct the property description contained in the mortgage which accompanied the bond.

All we have to decide now is whether or not the dissolution of the injunction was an abuse of discretion. We decide that it was not. Furthermore, when this case was argued before us the attorney for the Glen Alden Coal Company stated that the company would not disturb the status quo of the property in litigation until a final decision had been rendered below after final hearing. This statement by counsel being accepted, no purpose would be served by reversing the order of the court below.

The order is affirmed at appellants' cost.