## Hellertown Borough Referendum Case.

Argued April 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Daniel L. McCarthy,* for appellants.

*R. C. Mauch,* with him *Mauch & Goodman,* for appellee.

Opinion by Mr. Chief Justice Maxey, May 27, 1946:

This is an appeal from the decree of the court below overruling defendant's challenge of its jurisdiction over the subject matter of this litigation and dissolving the preliminary injunction granted in response to the bill filed..

Sixty days prior to the general election held in the Borough of Hellertown, Northampton County, on November 6, 1945, a petition for a referendum to determine the will of the electors of that Borough with respect to the exhibiting of motion pictures after two o'clock P. M. on Sunday, was filed with the corporate authorities of the Borough. This petition contained the names of petitioners to at least five per cent of the highest votes cast for any candidate in the municipality at the last preceding general election. The petition was certified by the Borough Secretary to the County Commissioners and on September 6, 1945, they marked it "received and filed". The question was printed on separate official bal-

lots and one ballot was supplied to each voter at the general election. Due notice of the referendum was published in newspapers of general circulation in the county. Four days after the general election, Rev. Adam E. Schellhase, "individually and as President of the Ministerial Association of Hellertown," filed a Bill in Equity supported by the necessary injunction affidavits and injunction bond, and praying that the Court "declare such election invalid" and that "an injunction may issue, preliminary, until hearing and perpetual thereafter, restraining and enjoining" the Commissioners of Northampton County, acting as members of the County Board of Elections, from computing the votes cast at said referendum and from certifying the results of their computation of the votes cast to the acting chief executive officer of the Borough, and his further relief. The objections to the referendum were: "(a) the petitions were not supported by affidavits; (b) the petitions were signed, or purported to have been signed, by persons who were not qualified electors; and (c) the petitions were not in all cases signed by the persons whose names appear thereon and particularly not signed by such persons with respect to place of residence, occupation and date."

On November 10th, 1945, the Court of Common Pleas, Sitting in Equity, entered a decree "that a Preliminary Injunction issue . . . restraining and enjoining E. Albert Boyer, Norman A. Peil and John G. Sandt, County Commissioners of Northampton County and being the members of the County Board of Elections from computing the votes cast at a certain referendum held, in the Borough of Hellertown, November 6, 1945, for the purpose of ascertaining the will of the electors of said Borough with respect to motion picture exhibitions on Sundays . . ." On November 17th, 1945, after a hearing on the question of continuing the preliminary injunction, the latter was continued until further order of the Court.

On November 27, 1945, the court granted John A. Kofler, a theatre owner, and ten taxpayers who voted in favor of Sunday movies,[1] leave to intervene as Parties Defendant.

On November 29th, a petition was presented on behalf of all the Intervening Defendants, under Equity Rule No. 29 and the Act of March 5, 1925, P. L. 23 (12 PS Sec. 672, 673), for a rule to show cause why the jurisdiction of the Court of Common Pleas of Northampton County, Sitting in Equity, over the subject matter of the suit should not be preliminarily determined by the Court, and why the restraining Order should not be revoked and the Bill of Complaint dismissed.

On December 10th, 1945, the Court entered a decree dissolving the preliminary injunction and directing the Intervening Defendants to file an answer to Plaintiff's Bill, within thirty days. The Court overruled the defendants' challenge to its jurisdiction. Defendant Kofler excepted to the decree and took this appeal.

The only question before us is whether or not a Court of Equity has jurisdiction over the subject matter of the Bill filed, when the objections to the referendum are based on the alleged insufficiency and invalidity of the petitions for the referendum, and whether or not the court abused its discretion in dissolving the injunction.

Appellant's contention is that the Court had no jurisdiction "for the reason that the referendum petition must be held to be valid in law and cannot be set aside as legally insufficient in this proceeding". Appellant's argument is that since the legislature provided a statutory remedy available to anyone who objects for any valid reason to a nomination petition filed by any persons for any lawful purpose (such as, e.g., a referendum on the question of permitting "Sunday movies"), equity has no jurisdiction over such litigation.

In making this contention appellant has fallen into error. He has confused the question of the *jurisdiction*

---

[1] There were 865 votes cast "for", and 578 votes cast "against" "Sunday movies".

of the court with plaintiff's *right to obtain the aid* of that court in his quest for what he deems to be his legal right. Appellant cites *Kane v. Morrison, Sec'y.,* 352 Pa. 611; 44 A. 2d 53, as authority for the proposition he advances. That case gives no support to his contention. We there held that plaintiff was "not entitled to the interposition of a Court of Equity" and that he had "no. standing to challenge in a court of equity the validity of these nominations". We did not deny the court's jurisdiction in that case; we simply held that a proper case for the court's affirmative action had not been presented. We denied plaintiff's right under the facts of that case to "resort to the forum" of a court of equity; we did not deny the "forum's" power to adjudicate on such a subject matter. In the *American Labor Party Case,* 352 Pa. 576; 44 A. 2d 48, cited by appellant, we held that the court below, sitting in equity, "had jurisdiction to hear the petition in question", but that "it could not, however, grant the requested relief for the reason that appellant failed to prove compliance with the mandatory provisions of the Election Code".

Judges and lawyers sometimes erroneously use the words "jurisdiction" and "power" in relation to courts as interchangeable. In *Skelton v. Lower Merion Township,* 298 Pa. 471; 148 A. 846, this court made it clear that a plaintiff's failure to aver facts which would entitle him to what he is seeking does "not raise a question of jurisdiction of the cause of action . . ." since jurisdiction relates "solely to the competency of the particular court to determine controveries of the general class to which the case then presented for its consideration belongs". In *Heffernan's Appeal,* 121 Pa. Superior Ct. 544; 184 A. 286, President Judge KELLER said: "The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in the circumstances here present", grant what is asked for. 15 Corpus Juris, Sec. 35, p. 735 makes this statement: "Such jurisdiction the court acquires by the act of its creation, and pos-

sesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered."

That a court may ultimately decide that *under the facts pleaded or proved* it cannot grant the relief asked for does not constitute a renunciation on its part of its jurisdiction over the matter presented to it. Its jurisdiction is not limited to cases in which a good cause of action is presented. A cause of action inadequately or defectively stated does not thereby nullify the jurisdiction of the court to which the cause of action is submitted. Jurisdiction relates to the field of litigation* in which a court has authority to adjudicate. Power refers to what a court can do in that field under a given set of circumstances. The court below correctly decided that it had jurisdiction over the subject matter of the cause of action presented by the bill.

The court also decided to dissolve the temporary injunction it issued because, as it said: It became "clear from evidence adduced by complainant and an examination of law pertinent to the evidence and the bill" that complainant "will not be able to make out a case for injunction on final hearing". This failure the court predicated on the complainant's neglect to make "timely objection" to "a referendum petition which does not meet the requirements for nomination petitions set forth in Secs. 908 and 909 of the Election Code of June 3, 1937, P. L. 1333 (25 P.S. Secs. 2868, 2869)", citing *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635; 44 A. 2d 46. On this phase of the case all we now decide is that in

---

* "Jurisdiction is the right to adjudicate concerning the subject matter in a given case, which depends upon the court's cognizance of the class of cases to which the one to be adjudicated belongs." *City of Rockland v. Inhabitants of Hurricane Isle,* 106 Me. 169, 76 A. 286.

dissolving the injunction the court did not abuse its discretion. See *Trachtenberg et al. v. Glen Alden Coal Company et al.*, 348 Pa. 555; 36 A. 2d 316.

The decree of the court below is affirmed; appellant to pay the costs.