464 A.2d 1349

**ALPHA TAU OMEGA FRATERNITY Tau Chapter Undergraduate Students, Appellants,**

**v.**

**UNIVERSITY OF PENNSYLVANIA and George S. Koval, Acting Vice Provost For University Life.**

Superior Court of Pennsylvania.

Argued June 16, 1983.

Filed Aug. 19, 1983.

294

George F. Schoener, Jr., Philadelphia, for appellants.
A. Grant Sprecher, Philadelphia, for appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellants, plaintiffs below, are members of a chapter of the national fraternity, Alpha Tau Omega, which is located at the University of Pennsylvania. Named as defendants below are the University of Pennsylvania and George S. Koval, Acting Vice Provost for University Life. Appellants come before us seeking reversal of an order by the Honorable Charles P. Mirarchi, Administrative Judge, by which he dismissed appellant's complaint in equity for lack of jurisdiction, dissolved a temporary restraining order which had been in effect, and denied appellant's petition for a preliminary injunction. We conclude that appellants' arguments are meritorious, and therefore reverse the order of the lower court.

On February 17, 1983, the Alpha Tau Omega fraternity (A.T.O.) sponsored a party at the fraternity house on the University of Pennsylvania campus. On February 22, 1983

a woman complained to the university that she was raped by several members of A.T.O. while a guest in the fraternity house.

Investigations were conducted by the University Judicial Officer and the Office of Fraternity Affairs. As a result of the investigations, a hearing was held before the Fraternity/Sorority Advisory Board on March 23, 1983. Evidence was taken from witnesses who were members of the fraternity and those outside the fraternity. The fraternity submitted a "position paper" about itself. At the conclusion of the hearing, the Advisory Board recommended that the fraternity be suspended from the University through January of 1984.

Based upon this procedure, the decision was announced by the Acting Vice Provost to withdraw the recognition status of A.T.O. from the University of Pennsylvania, with a proviso that no active chapter will be permitted to exist on the campus earlier than September, 1984; it further provided that the national A.T.O. fraternity may submit a detailed plan for reconstitution of the chapter and for provisional recognition for the University to review.

A.T.O. then filed a Complaint in Equity and a Motion for Preliminary Injunction against any action by the school enforcing the decision to withdraw recognition. A temporary restraining order was issued; after oral argument on the matter of the preliminary injunction, the lower court found there was no authority for it to assume jurisdiction over the internal disciplinary actions of a Private Academic Institution. It is from the order dissolving the temporary restraining order, denying the preliminary injunction, and dismissing the complaint that A.T.O. now appeals.

A.T.O. frames its complaint in terms of having been denied its procedural due process and equal protection rights in violation of the Fourteenth Amendment to the Federal Constitution and of the state constitution. At the hearing on this matter, the University expressed an oral preliminary objection by which it claimed that appellants had not adequately alleged a prerequisite to relief under the

Fourteenth Amendment, that the violation be a product of "state action". Appellee claimed that this deficiency deprived the lower court of jurisdiction to hear the case. Appellant orally argued factors which it felt weighed in favor of a finding of state action and requested leave to amend its complaint. However, the lower court agreed with appellee.

The Fourteenth Amendment of the United States Constitution provides, *inter alia,* that "no state shall ... deprive any person of life, liberty, or property without due process of law." The words "no state shall" have been interpreted to mean that in every case claiming a violation of the Fourteenth Amendment, the hand of the state must be discernible.

> The Supreme Court has long held that, for state action to exist, the state must have "so far insinuated itself into a position of interdependence with [the private institution or its actors] that it must be recognized as a joint participant in the challenged activity" (*Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725, 81 S.Ct. 856, 861, 6 L.Ed.2d 45 (1961)), or there must exist a "sufficiently close nexus between the state and the challenged action ... so that the action may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), or the institution must perform a "public function" like those traditionally performed by the state itself (*Burton v. Wilmington Parking Authority, supra,* at 365 U.S. at 722, 81 S.Ct. at 860.)

*Fischer v. Driscoll,* 546 F.Supp. 861, 865–6 (ED PA 1982).

Thus, for A.T.O. to obtain its requested relief, a determination must first be made as to whether the disciplinary action ordered by the University constituted any of these forms of state action.

However, we depart from the lower court's disposition of the instant case and find that it acted prematurely in refusing to hear the case premised on a lack of jurisdiction. As the United States Supreme Court said in *Burton v.*

*Wilmington Parking Authority, supra,* 365 U.S. at 722, 81 S.Ct. at 860 "only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance."

And, again, in the more recent case *Blum v. Yaretsky, et al.,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), "Faithful adherence to the 'state action' requirement of the Fourteenth Amendment requires careful attention to the gravamen of the plaintiff's complaint." As the lower court stated in its opinion, "Plaintiffs' Complaint contains no suggestion or averment that the Commonwealth of Pennsylvania by regulation or otherwise directed, influenced or in any way controlled the decision-making process of the University of Pennsylvania regarding the withdrawal status of Alpha Tau Omega fraternity."

However, the importance of scrutinizing appellants' Complaint and the finding of no such averment of state action therein does not automatically deprive the court of common pleas of jurisdiction. Pennsylvania is a fact-pleading state. Pa.R.C.P. 1019(a). A complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Baker et al. v. Rangos et al.;* 229 Pa.Superior Ct. 333, 324 A.2d 498 (1974) in *Smith v. Brown* 283 Pa.Superior Ct. 116, 120, 423 A.2d 743, 745 (1980). However, even if plaintiffs fail to aver all of the facts in the complaint entitling them to the relief sought, this failure raises no question of the court's jurisdiction of the cause of action, since "jurisdiction" relates solely to a particular court's competency to determine controversies of the general class to which the case before it belongs. Anderson, *Pennsylvania Civil Practice,* § 1501.12 (1979).

For example, in the case *In re Motion Pictures Exhibitions on Sunday in borough of Hellertown,* 354 Pa. 255, 47 A.2d 273 (1946), a referendum was submitted to the electorate to determine their will regarding the exhibiting of motion pictures after two o'clock p.m. on Sundays. Four

days after the election, a local minister filed a Bill in Equity seeking to declare the election invalid because the petitions filed in support of the referendum were deficient. After a hearing, a preliminary injunction was granted until further order of the Court. A theatre owner and the ten taxpayers were granted leave to intervene as Parties Defendant. They objected to the Court's jurisdiction because of the availability of a statutory remedy to the problem of the referendum.

In sustaining the lower court's conclusion that it indeed had jurisdiction over the subject matter, Mr. Chief Justice Maxey wrote

> [t]hat a court may ultimately decide that *under the facts pleaded or proved* it cannot grant the relief asked for does not constitute a renunciation on its part of the jurisdiction over the matter presented to it. Its jurisdiction is not limited to cases in which a good cause of action is presented. A cause of action inadequately or defectively stated does not thereby nullify the jurisdiction of the court to which the cause of action is submitted. Jurisdiction relates to the field of litigation in which a court has authority to adjudicate. Power refers to what a court can do in that field under a given set of circumstances. (emphasis in original).

*In re Motion Pictures Exhibitions on Sunday, supra,* 354 Pa. at 260, 47 A.2d at 276 (1946).

And, in another often quoted explanation by Mr. Justice Horace Stern,

> Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation.

*Zerbe Township School District v. Thomas* 353 Pa. 162, 165, 44 A.2d 566, 568 (1945).

Thus, case law in Pennsylvania distinguishes between the competency of the court to act and whether it is able to grant the requested relief once it assumes jurisdiction.

In the Federal courts the same is true. In *Fischer v. Driscoll, supra,* before the district court granted the defendant's Villanova University, motion for summary judgment,[1] it had before it the affidavit of the President of Financial Affairs that only 1.5% of the budget was provided by Commonwealth Funds. Thus, the Court found that state action was absent and that the motion for summary judgment should be granted.

In *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), the district court granted the defendant-school's motion for summary judgment, but only after it was presented with evidence that led it to conclude that there was no sufficient nexus between the school and the state even though 90% of the school's funding came from State and Federal agencies. The United States Supreme Court affirmed.

The lower court cites *Cardio-Medical Association, Ltd. v. Crozer-Chester Medical Center,* 536 F.Supp. 1065 (DC PA 1982) to support its dismissal of appellant's complaint. There the district court granted the defendant judgment on the pleadings for lack of subject matter jurisdiction. The court determined that the complaint failed to meet even the minimum notice pleading requirements of the Federal rules. However, in its opinion the district court did comment that in most cases, the judge should permit the plaintiff to file an amended complaint and/or to conduct limited discovery in order to supplement the initial allegations. However, that case was framed as a civil rights complaint against a hospital based on the denial of staff privileges. The district court found that the claim made was so legally deficient that the court could imagine no amended complaint which could pass muster.

1. Federal Rule of Civil Procedure 56 provides for Summary Judgment which is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. See Notes to F.R.Civ.P. 56.

Finally, in *Rackin v. The University of Pennsylvania,* 386 F.Supp. 992 (ED Pa 1974), although the defendant school, the same defendant as in this case, made a motion to dismiss based on the pleadings, the district court elected to permit the plaintiff to conclude discovery on the color of state law issue.

In the instant case, both parties came before the lower court for a hearing on the issuance of an injunction against the University's implementation of the decision against A.T.O. On the oral preliminary objection of the University, after oral argument by counsel for both parties, the Court concluded it had no jurisdiction in the matter based on A.T.O.'s deficient complaint and proof regarding state action. Based on our review of the case law, we disagree with the action of the lower court. A determination of the presence of state action requires that certain evidence be provided the Court. At the time of dismissal, no affidavits were submitted to the Court, no discovery was conducted, and no testimony was taken. The Court's dismissal of the action for lack of jurisdiction was premature. Thus, in considering appellant's request for a preliminary injunction, the court's exercise of jurisdiction required only a consideration of whether appellants had demonstrated the essential prerequisites for its issuance:

> that it is necessary to prevent immediate and irreparable harm not compensable in damages; that greater injury would result by refusing it; and that the granting of relief sought would properly restore parties to their status as it existed immediately prior to the alleged wrongful conduct.

*Rush v. Airport Commercial Properties, Inc.,* 28 Pa. Cmwlth. 51, 367 A.2d 370 (1976).

Thus, the order of the lower court is reversed; the temporary restraining order of the Honorable Afred J. Di Bona, Jr. is reinstated pending final disposition by the lower court on appellant's petition for a preliminary injunction. Case is remanded and jurisdiction is relinquished.