## Latniak v. Von Koch

C.P. of Lackawanna County, no. 04-CV-2253.

*J. Craig Currie,* for plaintiffs.

*Benjamin A. Post* and *Tara A. Reid,* for defendant Mercy Hospital/Mercy Health Partners.

*Patrick C. Carey,* for defendant Von Koch.

MINORA, *J.,* December 1, 2004—Currently before the court are two sets of preliminary objections to the plaintiffs' complaint presented by the above named defendants, Lear Von Koch M.D., the Mercy Hospital of Scranton, Pennsylvania and Mercy Health Partners. All parties to this matter waived oral argument and agreed to submit this matter to the court on the basis of their briefs. Both sets of preliminary objections and supportive briefs will be addressed in one memorandum and order.

## STATEMENT OF THE CASE

The instant action was commenced by the plaintiffs, Charles A. Latniak and Michelle L. Latniak, by praecipe for writ of summons on June 2, 2004. On or about July 16, 2004, the plaintiffs filed their complaint asserting causes of action of medical negligence, battery and loss of consortium against the defendant, Lear Von Koch M.D. The complaint also alleges causes of action against the Mercy Hospital of Scranton, Pennsylvania and Mercy Health Partners, hereinafter referred to as Mercy Hospital for vicarious liability for the negligent and wrongful acts of Dr. Von Koch as well as loss of consortium. The

defendant, Lear Von Koch M.D., is a duly licensed physician of the Commonwealth of Pennsylvania. The defendants, Mercy Hospital and Mercy Health Partners, are both Pennsylvania corporations which at all times have been engaged in the business of providing health care services as a hospital.

According to the complaint, the plaintiff, Mr. Latniak, began to experience mid-sternal chest pain and shortness of breath in May of 2002. Mr. Latniak was later diagnosed with subclavian steal syndrome caused by an occlusion of the subclavian and carotid main artery on his left side. Due to this condition, Mr. Latniak was subjected to a left carotid subclavian artery bypass which was performed by the defendant, Dr. Lear Von Koch on June 2, 2002 at the Mercy Hospital, Scranton, one of the named corporate defendants.

Immediately after the surgery, the plaintiff, Mr. Latniak allegedly noticed weakness in his left shoulder and arm. He was later diagnosed with having suffered a left C5 root injury and/or injury to the upper trunk of the brachial plexus producing a severe pain in the upper left arm and numbness, weakness, flexion, an inability to elevate his arm and difficulty supanating his left hand, all of which are allegedly permanent injuries.

Count I of the complaint asserts a claim in negligence against Dr. Lear Von Koch. Specifically, the complaint alleges the surgeon acted in a careless manner in that he knew, or should have known, that in the absence of special care, he would produce an unreasonable risk of injury to the C5 nerve root and/or the brachial plexus. The acts and omissions of the surgeon are listed in the complaint as follows.

"said surgeon:

"(a) failed to adequately identify the C5 nerve root and brachial plexus during the procedure so as to isolate them and keep them free from injury;

"(b) failed to take all measures to reduce or eliminate the risk of undue pressure, traction, compression or other trauma inflicted by surgical technique and/or retractors and other surgical tools upon nerves in and around the operative site, including the C5 nerve root and/or the brachial plexus, during the course of the procedure;

"(c) failed to complete the procedure in a timely fashion so as to reduce the risk of injury to nerves arising from prolonged pressure from surgical instruments and the like;

"(d) failed to recognize during the procedure that he had inflicted an injury at the C5 nerve root and/or brachial plexus so as to attempt a surgical repair at the time or permit repair by others;

"(e) failed to make use of intraoperative nerve monitoring techniques, equipment and services so as to alert him of the imminent trauma to nerves in and near the operative field, including the C5 nerve root and brachial plexus;

"(f) failed to take all steps necessary and reasonable to reduce or otherwise eliminate the risk of injury to the C5 nerve root and or the brachial plexus;

"(g) failed to make use of intraoperative nerve monitoring so as to forewarn the surgeon of imminent harm to the C5 nerve and/or brachial plexus;

"(h) failed to make use of alternative procedures with less risk of nerve injury including but not limited to, stenting; and

"(i) otherwise failed to use due care under the circumstances." See plaintiffs' complaint paragraph 15.

Count II of the complaint asserts a claim against Mercy Hospital and Mercy Health Partners in vicarious liability. Plaintiffs aver that Dr. Koch at all material times under the circumstances in question, acted as an agent, servant and/or employee, or as an ostensible agent of Mercy Hospital and Mercy Health Partners. Plaintiffs further allege that, due to the relationship between the defendants, the corporate defendants are vicariously liable to the plaintiffs for the negligent acts of the defendant surgeon.

In Count III, the plaintiffs contend that Dr. Lear Von Koch committed a battery against the plaintiff, Mr. Latniak, when he failed to obtain his informed consent by way of advising him of the potential risks involved with the procedure, or offering alternative forms of treatment. Therefore, the plaintiffs claim that, by not obtaining such consent, the subsequent surgery constitutes a battery.

The last count alleged by the plaintiffs is asserted by Mrs. Latniak against all defendants for loss of consortium. It is averred that, due to the injuries suffered by Mr. Latniak, Mrs. Latniak experienced a loss of companionship, camaraderie and society as well as loss of consortium on account of all defendants' acts.

In the interests of clarity this court will attend to the preliminary objections of the co-defendants separately. We will first provide an overview of the legal standards addressed by both parties' preliminary objections.

## DISCUSSION

### *Preliminary Objections in the Nature of Motions To Strike*

The Commonwealth of Pennsylvania is a fact pleading state whereby the complaint must provide the defendant notice of the basis of the claim as well as a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 464 A.2d 1349 (1983). Preliminary objections in the form of motions to strike items in a complaint per Pa.R.C.P. 1028(a)(3) can be for lack of specificity of pleading pursuant to Pa.R.C.P. 1019(a). These Rules of Civil Procedure require that all the material facts on which a cause of action or defense are based shall be stated in a concise and summary form. See Pa.R.C.P. 1019(a); *Yacoub v. Lehigh Medical Associates P.C.,* 805 A.2d 579 (Pa. Super. 2002). The Superior Court of Pennsylvania notes that the question presented by Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan,* 814 A.2d 234, 237-38 (Pa. Super. 2002); *Ammlung v. Platt,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973) (quoting 1 Goodrich-Amram §1017(b)-9). To determine if a paragraph contains the appropriate specificity, the court looks not only to the particular paragraph at issue, but also to that paragraph in the content of the other allegations in the complaint. *Yacoub, supra* at 588.

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). It is not necessary to plead evidence which can be developed through discovery. *Local No. 163, International Union U.B.F.C.S.D. & D.W. v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). See also, *Commonwealth of Pennsylvania v. Schlittler,* 104 Lacka. Jur. 112, 115-16 (2003). Yet, when determining whether the averments of the complaint are sufficient, a court must ensure that the challenged averments present no risk of a future, unexpected amendment to the complaint based upon new facts after the statute of limitations has run. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 567 (1993); *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983); see also, *Clarkson v. Geisinger Medical Center,* 46 D.&C.4th 431 (2000).

Defendant's, Mercy Hospital, Scranton a/k/a
Mercy Hospital, Scranton, PA and Defendant's,
Mercy Health Partners Preliminary Objection
in the Form of a Motion To Strike for
Insufficiency of Pleading

The above named defendants assert a preliminary objection as a motion to strike language in paragraph 15(i) of the plaintiffs' complaint as vague, non-inclusive allegations of negligence. Specifically, the subparagraph states that Dr. Lear Von Koch was negligent in that he "otherwise failed to use due care under the circumstances." Defendants further assert that such language may be construed as constituting any theory of liability

against the defendants and should be stricken from the complaint as it is not sufficiently factually specific to provide the defendants notice as to what claims are being asserted against them. We agree.

Pursuant to Pa.R.C.P. 1019(a) fact pleading is required. As noted above, each paragraph of the complaint is not to be examined in a vacuum, but within the context of the complaint as a whole. Although allegations of negligence in a medical malpractice claim that merely recite the standard of care required of a doctor are inadequate to put that defendant on notice of the specific acts or omissions being complained of. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 568 (1993). (The plaintiff's complaint asserted a negligence action against a doctor and merely listed the complained of acts and omissions of the doctor as a failure to comply with the medical standards of the community, failure to adhere to pertinent medical standards and failure to adhere to medical standards of other medical professionals. The court found the description inadequate to provide the defendant physician notice.); *Gray v. Oech,* 49 D.&C.2d 358 (1970). Moreover, *catch-all* allegations of negligence do not apprise the defendant of his conduct that the plaintiffs allege as improper or negligent. *Boyd, supra* at pp. 567-68.

The allegations of the complaint in paragraph 15(i) must be characterized as a *catch-all* averment. The motion to strike paragraph 15(i) will be sustained so as to ensure that no additional surprise amendments may be made to the complaint. This should preserve the defendants' awareness of their acts and omissions which the plaintiffs have alleged to have been improper. The language of subparagraph 15(i) gives the plaintiffs too much

latitude to later amend the complaint and structure a claim against the defendant without first providing notice of the allegedly wrongful acts.

Before a determination can be made as to whether the motion to strike paragraph 15(i) may be sustained, a brief overview of corporate negligence is required. The plaintiffs utilize the doctrine of "corporate negligence" in their claim against Mercy Hospital/Mercy Health Partners in Count II by assessing liability against said hospital. The doctrine of "corporate negligence" is one by which a defendant/hospital is liable if it fails to adhere to the proper standard of care it owes the patient. *Thompson v. Nason Hospital,* 527 Pa. 330, 339, 591 A.2d 703, 707 (1991). "This theory of liability creates a nondelegable duty which the hospital owes directly to a patient." *Id.* at 339, 591 A.2d at 707. Furthermore, the *Thompson* court established four general areas of corporate liability including: "(1) [the] duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; . . . (2) [the] duty to select and retain only competent physicians; . . . (3) [the] duty to oversee all persons who practice medicine within its walls as to patient care; . . . (4) [the] duty to formulate, adopt and enforce adequate rules and policies to enforce quality care for patients." *Id.* at 339-40, 591 A.2d at 707.

Ultimately, the *Thompson* court adopted as a theory of hospital liability the theory of corporate negligence by which the hospital is liable for failure to adhere to the proper standard of care owed to its patients. *Id.* at 341, 591 A.2d at 708. Considering the above general areas of corporate liability, should Dr. Koch be found responsible for the injuries of the plaintiff, so too will Mercy Hospital/Mercy Health Partners under the doctrine of corpo-

rate negligence. Accordingly, the defendants Mercy Hospital and Mercy Health Partners have properly raised the preliminary objection as a motion to strike subparagraph 15(i).

### Defendant's, Lear Von Koch's M.D. Preliminary Objection in the Form of a Motion To Strike

The defendant, Lear Von Koch M.D., requests that this court strike subparagraph 15(i) of the complaint. This defendant maintains that the language of the subparagraph is a general allegation of negligence and is therefore not factually specific as required by Pa.R.C.P. 1019(a). Since this court addressed this identical request by the co-defendant's, Mercy Hospital's/Mercy Health Partners' motion to strike pertaining to subparagraph 15(i) above, we will not belabor the point again here. Therefore, Dr. Koch's motion to strike subparagraph 15(i) will be sustained.

### Defendant's, Lear Von Koch's M.D. Preliminary Objection Whereby Defendant Requests a More Specific Pleading

Dr. Von Koch requests that this court direct plaintiffs to file a more specific pleading with respect to paragraph 15 of the complaint. The defendant proclaims that all averments set forth in subparagraphs 15(a) through (h) are not sufficiently specific and that said paragraph fails to allege specifically the negligence attributable to the defendant relative to plaintiff's alleged injury. As previously stated, pursuant to Pa.R.C.P. 1019(a), the complaint must provide the defendant fair notice of the plaintiff's causes of action and a summary of the material facts that

support those claims. *Yacoub, supra.* The defendant stresses that paragraph 15 does not specifically enumerate the particular acts which led to the alleged C5 root injury and/or injury to the upper trunk of the brachial plexus.[1] What the defendant would like this court to turn a blind eye to is that, although the Pennsylvania Rules of Civil Procedure do require fact pleading, the complaint need not list all evidence that demonstrates the defendant's improper acts. *Boyd, supra* at 567; *Albright v. Gadiparthi,* 50 Somerset L.J. 355, 361 (1991). Instead, discovery is the proper phase of litigation in which evidentiary details will be revealed. *Boyd, supra* at 567. Moreover, "common pleas courts have been rightly attuned to plaintiffs [in medical malpractice cases] who have less knowledge than the defendant *medical* providers about the care and/or treatment provided." *Clarkson, supra* at 433. (emphasis added) (The court provides a discussion of what constitutes sufficient facts under Pa.R.C.P. 1019(a) in a medical malpractice claim before the court and determined that the physician must be advised of the acts which constitute the negligence complained of so that he may prepare his defense.) The requisite amount of facts pled in the complaint must be sufficient to put the defendant on notice of the alleged

---

1. Paragraph 15(b) of the complaint states that Dr. Von Koch was negligent in failing to "take all measures to reduce or eliminate the risk of undue pressure, traction, compression or other trauma inflicted by surgical technique and/or retractors and other surgical tool upon nerves in and around the operative site, including the C5 nerve root and/or the brachial plexus, during the course of the procedure." In Dr. Koch's supportive brief, counsel argues that without specifying the type of measures the defendant failed to undertake, this description is insufficiently specific for the defendant to prepare his defense.

wrong while specific enough for the defendant medical provider to devise a defense. Because of the vast disparity between the plaintiffs' and defendant's education in the field of medicine, the plaintiff cannot be expected to plead facts in the complaint that detail precisely what "procedures" the defendant medical provider undertook or omitted that ultimately caused the injury. It is important to note that a case is not tried at the preliminary objection phase of litigation. Therefore, the averments in subparagraphs 15(a) through (h) are specific enough to put the defendant on notice as to his wrongful conduct and to prepare a defense, while specifically stating what actions and omissions constitute negligence which caused the underlying injury. This court must overrule the defendant's, Dr. Von Koch, preliminary objection requesting a more specific pleading to the above listed subparagraphs of the complaint. An appropriate order follows.

## ORDER

And now, to wit, December 1, 2004, upon consideration of the defendants' preliminary objections, the verbal and written arguments of counsel, and in accordance with the preceding memorandum, it is hereby ordered and decreed that the defendant's preliminary objections will be granted in part and denied in part.

(1) The defendants', Mercy Hospital, Scranton, Pennsylvania and Mercy Health Partners, preliminary objection, in the form of a motion to strike, concerning subparagraph 15(i) of the plaintiffs' complaint, is hereby granted.

(2) The defendant's, Lear Von Koch M.D., preliminary objection in the form of a motion to strike, con-

cerning subparagraph 15(i) of the plaintiffs' complaint, is hereby granted.

(3) The defendant's, Lear Von Koch M.D., preliminary objection requesting a more specific pleading concerning paragraph 15 of the plaintiffs' complaint is hereby denied.