**Kapacs v. Martin**

510

C.P. of Lackawanna County, no. 04 CV 5151.

*Joseph Quinn,* for plaintiffs.

*Benjamin Post* and *Dan Rovner,* for defendants Martin, Geisinger Health System and Geisinger Clinic.

*Mark Perry,* for defendants Roe and Great Valley Cardiology.

*John Durkin,* for defendant Moses Taylor Health Care System.

*Michael Perry,* for defendant Moses Taylor Hospital.

*Daniel Brier,* prior counsel for defendant Geisinger.

*Timothy Foley,* prior counsel for Moses Taylor Hospital.

MINORA, *J.,* June 6, 2006—

## I. INTRODUCTION

Before the court are several sets of preliminary objections submitted by the defendants herein to the plaintiffs' amended complaint filed August 25, 2005. The court has heard oral arguments of counsel and reviewed the parties' written objections, responses, and briefs rendering this matter appropriate for disposition. The underlying circumstances of this matter are briefly presented below.

## II. STATEMENT OF THE CASE

The plaintiffs, John K. Kapacs, administrator of the estate of Donna M. Kapacs, decedent, and John K. Kapacs, individually, Dawn Marie Schuster and Tracy Kapacs initiated this action by complaint filed on December 3, 2004. John K. Kapacs is the decedent's surviving spouse, while Dawn Marie Schuster and Tracy Kapacs are the decedent's surviving children. All defendants filed preliminary objections to the plaintiffs' complaint. By order of this court rendered by Judge Corbett dated,

July 12, 2005, the preliminary objections of defendants were granted in the form of a motion to strike, or in the alternative, a more specific pleading. The court permitted the plaintiffs to file an amended complaint within 45 days of said order to address with specificity the averments contested. The order further granted the defendants' Geisinger Clinic, Geisinger Health System Foundation and Great Valley Cardiology Associates demurrers to corporate negligence claim. (See memorandum 04 CIV 5151 C.C.P. Lacka. Cty. (Judge Corbett, July 12, 2005).) The remaining preliminary objections were denied. As a response to the court's order, the plaintiffs filed their amended complaint on August 25, 2005, which is the basis of all the defendants' preliminary objections to the amended complaint which are presently before the court herein. The factual allegations of the plaintiffs' amended complaint are summarized as follows:

In January of 2002, the deceased, Donna Kapacs, underwent a mitral valvuloplasty in Philadelphia at the University of Pennsylvania performed by Dr. Howard Herman. (See plaintiffs' amended complaint ¶28.) Donna Kapacs is reported to have recovered well following the procedure. (*Id.* at ¶29.)

On November 6, 2002, the decedent arrived at the Moses Taylor Hospital Emergency Room complaining of shortness of breath and cough. (*Id.* at ¶30.) After an EKG, she was diagnosed with hypoxemia, was treated and discharged (bronchitis). *(Id.)* Again on November 29, 2002, Donna Kapacs experienced shortness of breath, phlegm and coughing. She was transported to the Moses Taylor Hospital by ambulance and arrived approximately 10:15 p.m. (*Id.* at ¶34.) It is reported that she showed no improvement to her bronchitis condition. (*Id.*

at ¶35.) A physical exam was performed, tests were administered, and an x-ray and EKG were taken. (*Id.* at ¶¶37-40.) The attending physician concluded that Donna Kapacs was suffering from hypoxemia and respiratory distress and she was treated for the same. (*Id.* at ¶¶41, 42.) Dr. Richard Martin was called November 30, 2002 at 1:30 a.m. and ordered that Kapacs be admitted to the Moses Taylor Hospital as a result of her respiratory condition. She was admitted that morning at 3:15 a.m. As alleged in the amended complaint, Donna Kapacs remained an inpatient at the Moses Taylor Hospital from November 30, 2002 through December 3, 2002. Further alleged, during this period Kapacs was monitored and treated by the agents and employees of the Moses Taylor Hospital, Moses Taylor Health Care System, and Great Valley Cardiology with all progressions and changes noted. On the morning of December 3, 2002, Dr. Martin made an assessment of the decedent's condition finding COPD (chronic obstructive pulmonary disease) and myocardial infarction. (*Id.* at ¶98.) On December 3, 2002, Kapacs was transferred to Mercy Hospital in Scranton for a cardiac catheterization procedure. (*Id.* at ¶99.) After the procedure was performed Kapacs was transported back to the Moses Taylor Hospital by ambulance that afternoon. (*Id.* at ¶107.)

On the evening of December 3, 2002, Kapacs began to experience pain which continued through December 4, 2002. (*Id.* at ¶¶110-18.) An un-timed note made on December 4 by Dr. Martin stated that Kapacs had valvular heart disease and single vessel coronary artery disease. (*Id.* at ¶124.) The progression notes indicated that her condition was stable at midnight December 5, 2002. (*Id.* at ¶125.) During the morning hours of Decem-

ber 5, 2002, Kapacs was administered her medications and her progression notes made by Dr. Martin recorded her condition as stable. (*Id.* at ¶141.) In the following hours leading into December 6, 2002, Kapacs' condition worsened as she was experiencing pain, discomfort, nausea and vomiting and she exhibited changes in her blood chemistry. (*Id.* at ¶¶144-62.) Kapacs continued to suffer back pain and pain at the groin site. (*Id.* at ¶172.) Neither Dr. Martin nor Dr. Roe were present during this time, yet both were contacted by phone in regard to Kapacs' increased pain. (*Id.* at ¶¶175, 176.) Martin arrived at the hospital at 12:50 p.m. on December 6, 2002, at which point he ordered a CT scan of the abdomen, pelvis and head to be performed and the reports completed that morning. (*Id.* at ¶¶181, 184, 187.) The results of the CT scan suggested a retroperitoneal hemorrhage. (*Id.* at ¶¶188, 189.) Notes were made by Dr. Paul Leiman from the abdominal and pelvic CTs indicative of retroperitoneal hemorrhage. (*Id.* at ¶191.) At approximately 4:30 p.m. tests were ordered by Dr. Roe to be performed and labs taken, which were not drawn until 6:15 p.m. (*Id.* at ¶¶197, 206.) At 6:20 p.m. Kapacs went into cardiac arrest with no pulse and displayed signs of apnea/apneic. (*Id.* at ¶210.) Kapacs' family was present in the room during this time and Tracy Kapacs initiated her mother's resuscitation. (*Id.* at ¶210.) As described in the amended complaint, Kapacs was administered CPR and resuscitation from 6:33 p.m. to 7 p.m. when she flat-lined and efforts were terminated and Donna Kapacs was pronounced dead. (*Id.* at ¶¶213-15.) An autopsy was performed by John J. Shane M.D. after the body was exhumed. Dr. Shane is reported to have determined that Donna Kapacs died as a result of massive retroperito-

neal hemorrhage secondary to an iatrogenic aortic perforation during cardiac catheterization. (*Id.* at ¶224.) The plaintiffs assert that the death was preventable had the defendants responded to the deceased's symptoms and treated her condition properly. (*Id.* at ¶¶225-26.)

The plaintiffs filed their amended complaint to this action on August 25, 2005 which contains allegations of medical negligence of all defendants, wrongful death, and survival action asserted against all defendants and a count of negligent infliction of emotional distress declared against all defendants. In total, the amended complaint is comprised of 95 pages, including separate paragraphs, of allegations against the defendants.

The first count is alleged in negligence against defendant, Richard A. Martin M.D., individually and as the agent of the Moses Taylor Hospital, Moses Taylor Health Care System, Geisinger Clinic, and Geisinger Health System Foundation. (See ¶233 of plaintiffs' amended complaint.) Paragraph 233 and subparagraphs (a) through (ooo) are alleged against defendant Richard Martin M.D. individually and as the agent and/or ostensible agent of the Moses Taylor Hospital, Moses Taylor Health Care System, Geisinger Clinic and Geisinger Health System Foundation. Paragraph 234 and subparagraphs (a) through (ooo) are alleged against defendant Thomas Roe M.D. individually and as the agent of the Moses Taylor Hospital and Moses Taylor Health Care System and Great Valley Cardiology. Paragraph 235 with subparagraphs (a) through (kkkkkk) are alleged against defendant Moses Taylor Hospital, by and through its employees, servants and agents and/or ostensible agents, including but not limited to Richard A. Martin M.D., Thomas M. Roe M.D., Brandy Price R.N., and Sylvia Pursche R.N. Paragraph 236

and subparagraphs (a) through (kkkk) are alleged against defendant Moses Taylor Health Care System by and through its employees, servants and agents and/or ostensible agents, including but not limited to Richard A. Martin M.D., Thomas M. Roe M.D., Brandy Price R.N., and Sylvia Pursche R.N. Count II alleges a survival action brought by the plaintiffs herein against all defendants. Paragraphs 245 and 246 contain the allegations of the survival action. The final count of the amended complaint, Count III, alleges negligent infliction of emotional distress brought by all plaintiffs herein against all defendants. The allegations for the claim of negligent infliction of emotional distress are asserted in paragraphs 247 through 254 of the amended complaint.

### *Preliminary Objections in the Nature of Motions To Strike*

The Commonwealth of Pennsylvania is a fact pleading state whereby the complaint must provide the defendant notice of the basis of the claim as well as a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 464 A.2d 1349 (1983); *Latniak v. Koch,* 70 D.&C.4th 489, 494 (2004).[1] Preliminary objections in the form of motions to strike items in a complaint per Pa.R.C.P. 1028(a)(3) can be asserted for lack of specificity of pleading pursuant to Pa.R.C.P. 1019(a). A motion to strike can also be asserted for the failure of a pleading to comply with a rule of law or rule of court according to Pa.R.C.P. 1028(a)(2). The Rules of Civil Procedure require that all the material facts on which a cause of

---

1. See *Latniak v. Koch,* 70 D.&C.4th 489, 494 (2004) for standard in reviewing preliminary objections in the form of a motion to strike.

action or defense is based shall be stated in a concise and summary form. See Pa.R.C.P. 1019(a); *Yacoub v. Lehigh Valley Medical Associates P.C.,* 805 A.2d 579 (Pa. Super. 2002). The Superior Court of Pennsylvania notes that the question presented by Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or . . . [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan,* 814 A.2d 234, 237-38 (Pa. Super. 2002); *Ammlung v. City of Chester,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973) (quoting 1 Goodrich-Amram §1017(b)-9). To determine if a paragraph contains the appropriate specificity, the court looks not only to the particular paragraph at issue, but also to that paragraph in the context of the other allegations in the complaint. *Yacoub, supra* at p. 589.

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Keifer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). It is not necessary to plead evidence which can be developed through discovery. *Local No. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). See also, *Commonwealth v. Schlittler,* 104 Lacka. Jurist 112, 115-16 (2003). Yet, when determining whether the averments of the complaint are sufficient, a court must ensure that the challenged averments present no risk of a future, unexpected amendment to the complaint based upon new facts after the statute of limitations has run. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 566-67 (1993); *Connor v.*

*Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), *reh'g denied;* see also, *Clarkson v. Geisinger Medical Center,* 46 D.&C.4th 431 (2000).

The above listed defendants collectively have all submitted to the court preliminary objections to the amended complaint in the form of motions to strike for failure to conform to rule of law or rule of court pursuant to Pa.R.C.P. 1028(2), specifically this court's order dated July 12, 2005. Additionally, defendants have brought a motion to strike for insufficiency of pleading pursuant to Pa.R.C.P. 1028(3).

Motions To Strike Pursuant to
Pa.R.C.P. 1028(a)(2)

At the forefront of our discussion we shall first consider the affect of the July 12, 2005 order and whether the plaintiff has complied with this guiding instruction together with all procedural requirements. It is argued by the defendants that the included matter of the amended complaint extends beyond what is permissible according to the order, therefore triggering the defendants' motions to strike for failure of pleadings to conform to a rule of law or rule of court.[2]

---

2. *Geisinger Health System Foundation:* The defendant GHSF submits a motion to strike ¶¶238 (ee), (rrr), (sss) and (ttt) pursuant to Pa.R.C.P. 1028(a)(2) as in violation of this court's order of July 12, 2005. These subparagraphs arguably contain allegations of *corporate negligence* against GHSF asserting *direct liability* for the plaintiffs' injuries. The language challenged by the defendant herein includes language from ¶238(ee) which states, "In failing to maintain adequate physician and nursing coverage to manage cardiac catheterization complications"; 238(rrr) states, "In failing to enforce Richard A. Martin M.D.'s and Thomas M. Roe M.D.'s compliance with the terms of their employment contracts with the Moses Taylor Hospital"; ¶238(sss) states, "In failing to enforce Richard A. Martin M.D.'s and Thomas A. Roe M.D.'s compliance with the terms of the medical staff bylaws of

It is well recognized that preliminary objections may be accepted for failure of a pleading to conform to a rule of law or a rule of court. Pa.R.C.P. 1028(a)(2). The Honorable Judge Corbett permitted the plaintiff to file an amended complaint within 45 days of said order addressing the specificity of the averments contested. (See order July 12, 2005 as attached as exhibit "A".) This order also sustained the defendants', Geisinger Clinic, Geisinger Health System Foundation and Great Valley Cardiology Associates Inc., preliminary objections in the nature of a demurrer to the plaintiffs' claim of corporate negligence. In regard to the corporate negligence claims asserted against defendants, Geisinger Clinic, Geisinger Health System Foundation and Great Valley Cardiology Associates Inc., the court's intent is clearly stated by

---

tal rules and regulations relating to cardiac catheterization-induced complications."

*Defendants Dr. Martin and Geisinger Clinic* contend that language from the amended complaint must be stricken for failure to comply with the court order of July 12, 2005, particularly ¶¶22, 23, and 237(vvv), (www), (xxx), (yyy) and (zzz), as it is believed that these paragraphs contain noninclusive allegations of *agency* and *corporate negligence* in regard to Geisinger Clinic extending beyond the order of July 12 sustaining preliminary objections to these claims. The particular language criticized in paragraphs 22 and 23 states that Geisinger Clinic, along with the other defendants, acted through their "agents, servants and/or employees, Richard A. Martin M.D. and Thomas M. Roe M.D. and various nursing, medical and technical personnel" while engaged in the treatment of post-surgery patients. The subparagraphs of 237(vvv) through (zzz) includes failures of Geisinger Clinic to enforce Dr. Martin and Dr. Roe to comply with terms under their contracts with Moses Taylor Hospital, medical staff bylaws, hospital rules and regulations of cardiac catheterization, failure of Geisinger Clinic to allow the doctors to care for Donna Kapacs without sufficient knowledge or skill and failing to ensure its agents obtained appropriate consultations for Donna Kapacs.

previous order to dismiss the claims of corporate negligence against these named defendants. We therefore find that any attempt to extend corporate liability against these defendants is a failure by the plaintiffs to comply with this Judge Corbett's July 12, 2005 order. As has been previously stated in *Oven v. Pascucci,* 46 D.&C.4th 506 (2000), the cause of action of corporate negligence is "based upon the systemic or institutional negligence" of a hospital. See *Kapacs v. Martin,* 04 CIV 5151, C.C.P. Lacka. Cty. (Judge Corbett, July 12, 2005). We have determined that this cause of action is inapplicable given the pleadings of the plaintiffs, and such decision is the law of this case. Therefore we shall grant the defendants', Geisinger Clinic and Geisinger Health System Foundation, motions to strike for failure to conform to a rule of court.

Geisinger Health System Foundation presented a demurrer to the amended complaint in regard to subparagraphs 238(rrr) and (sss) as insufficient to state a claim against it. We find that this objection is deemed moot due to our preceding determination, and is therefore dismissed.

The defendants, Moses Taylor Hospital, Moses Taylor Health Care System, Geisinger Clinic, and Great Valley Cardiology have filed preliminary objections in the form of motions to strike items in the amended complaint for lack of specificity per Pa.R.C.P. 1028(a)(2). The language contested by these objections is contained in ¶¶235-37, 239 asserting allegations of negligence against the defendants "including but not limited to" the defendants therein named. It is beyond cavil that, in a medical malpractice action *catch-all* allegations are not proper assertions of negligence as they do not apprise the defen-

dant of his conduct that the plaintiffs allege as improper or negligent. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 567-68 (1993); *Latniak v. Koch,* 70 D.&C.4th 489, 494 (2004). Pursuant to Pa.R.C.P. 1019(a), fact pleading is required. The Pennsylvania practice of fact pleading necessitates that the pleader define all the issues of the matter and "every act or performance essential to that end must be set forth in the complaint." *Santiago v. Pennsylvania National Mutual Casualty Insurance Company,* 418 Pa. Super. 178, 185, 613 A.2d 1235, 1238 (1992); citing Pa.R.C.P. 1019; 4 Standard Pennsylvania Practice §21:32; *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). The landmark case of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), *reh'g denied,* permits an amended pleading where the language added amplifies the original complaint without prejudicing the opposing party. Yet, in the present matter the phrase "including but not limited to" allows the plaintiff far too much latitude to include activities and allegations not previously pled in this matter at some later point in the litigation to the detriment of the defendants. This phrase is insufficient to advise what acts by the defendants' agents were improper, and furthermore, who the unidentified agents are. In an effort to afford the defendants the ability to properly defend the alleged accusations in this action, the use of the language "including but not limited to" as objected to in the pleadings must be stricken whenever it appears in the complaint of a plaintiff.

The defendants, Geisinger Clinic and Dr. Martin, challenge the language in ¶¶22 and 23 of the amended complaint which criticizes the Geisinger Clinic for acting by

and through its "agents, servants and/or employees, Richard A. Martin M.D. and Thomas M. Roe M.D., and various nursing, medical and technical personnel . . . ." The defendants maintain that this language is not sufficiently specific under the rules of procedure and moreover, they argue that the Clinic is unable to determine which agents, aside from Drs. Martin and Roe the defendant clinic is responsible for. It is well recognized that it is not necessary to plead evidence which can be developed through discovery. *Local No. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, supra.* In reviewing the complained of language in ¶¶22 and 23, the defendant is put on notice that the plaintiff asserts an agency relationship regarding the named defendants and Richard A. Martin M.D. and Thomas M. Roe M.D. as well as nurses and medical and technical personnel. Therefore, we find this language to be sufficiently specific pursuant to our procedural rules as the defendant is capable of identifying these individuals through the discovery process as those involved in the care of decedent Kapacs.

Defendants, Moses Taylor Hospital and Moses Taylor Health Care System present motions to strike for failure of the pleading to conform to rule of law or rule of court pursuant to Pa.R.C.P. 1028(a)(2). Moses Taylor Health Care System objects to language found in paragraph 16 of the amended complaint. The language of paragraph 16 of the original complaint referenced MTHCS as a "business entity and/or health care provider." The added language of the amended complaint references MTHCS as a "business entity and/or *comprehensive* health care provider." (emphasis added) Additionally, MTHCS com-

plains that the averments of paragraph 236 exceed any permissible amendment by the July 12, 2005 order. Concurrently, Moses Taylor Health Care System brings a demurrer for legal insufficiency of a claim for corporate negligence. We shall consider these issues at once.

The question which arises is whether the inclusion of the word *comprehensive* changes the cause of action alleged against MTHCS or simply elaborates the existing allegation. The Supreme Court has held in *Connor v. Allegheny General Hospital,* 501 Pa. 306, 310, 461 A.2d 600, 602 (1983), *reh'g denied,* that "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party . . . . An amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of a defendant . . . . This would constitute 'resulting prejudice' to the adverse party. *However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the statute of limitations has already run.*" (citations omitted) (emphasis in original)

The doctrine of corporate negligence exists to maintain liability over a hospital should it fail to uphold the proper standard of care owed to its patients. *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), *reh'g denied.* Furthermore, the Supreme Court states that under the doctrine of corporate negligence, the hospital maintains a number of duties including (1) the reasonable care and maintenance of safe and adequate facilities and equipment, (2) selecting and retaining only competent physicians, (3) overseeing all persons practicing medicine within the hospital walls as to care of patients, and

(4) formulating, adopting and enforcing adequate rule and measures to ensure quality care of patients. *Thompson, supra* at 339-40, 591 A.2d at 707. The *Thompson* court recognized the corporate hospital's role to include the total health care of its patients. *Thompson, supra;* see *Riddle Memorial Hospital v. Dohan,* 504 Pa. 571, 475 A.2d 1314 (1984).

The true issue at this point is the function of Moses Taylor Health Care System in terms of its operations and connection to the Moses Taylor Hospital. The added term *comprehensive* to the amended complaint in paragraph 16 is of little consequence to the responsibility which Moses Taylor Health Care System carries through its relationship with Moses Taylor Hospital. We are reminded that the trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Keifer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). Yet, it is not necessary to plead evidence which can be developed through discovery. *Local No. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). See also, *Commonwealth v. Schlittler,* 104 Lacka. Jurist 112, 115-16 (2003). Regarding the motion to strike for the pleading, particularly ¶¶16 and 236, to extend beyond the court order of July 12, 2005, said motion is denied as we find that the amended language does not change the original cause of action alleged against Moses Taylor Health Care System under *Connor.* Furthermore, in regard to the defendant's demurrer to the claim of corporate negligence we find that it would be premature to dismiss this claim as further discovery is needed to fully appreci-

ate the relationship of Moses Taylor Health Care System and Moses Taylor Hospital relative to the duties of a hospital facility.

The Moses Taylor Hospital presents a motion to strike items in the amended complaint for lack of specificity per Pa.R.C.P. 1028(a)(2) in regard to paragraphs 233, 234 and 235 as containing allegations of negligence different from, and in addition to, the elements of negligence contained in the original complaint. We find this argument to be meritless given the decision in *Connor* as discussed above. The additional allegations of ¶¶233-35 "simply specifies" other circumstances in which the defendant was negligent in this matter. *Connor, supra* at 310, 461 A.2d at 602. Pennsylvania is a fact pleading state whereby the complaint must provide the defendant notice of the basis of the claim as well as a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 464 A.2d 1349 (1983). On the basis of the allegations set forth in the challenged paragraphs, we find that the averments are sufficient to give Moses Taylor Hospital notice for the basis of the claims and allow the defendant to formulate a defense. Therefore the motion to strike is denied.

Last, Great Valley Cardiology Associates Inc. and Thomas M. Roe M.D. move for the approval of the stipulation to striking subparagraphs (ppp) and (qqq) of paragraph 239 from the amended complaint. The plaintiffs and defendants Great Valley Cardiology Associates Inc. and Thomas M. Roe M.D. agree to strike said language by stipulation signed and dated by the parties November 1, 2005 and filed November 7, 2005. The language contained in theses subparagraphs is as follows:

(ppp) In failing to enforce Thomas M. Roe M.D.'s compliance with the terms of the medical staff bylaws of the defendants, The Moses Taylor Hospital and Moses Taylor Health Care System; and (qqq) In failing to enforce the hospital rules and regulations relating to cardiac catheterization-induced complications. The motion for approval is granted. An appropriate order consistent with the foregoing memorandum follows.

## ORDER

And now, to wit, June 6, 2006, upon consideration of the preliminary objections of all defendants, and the written and oral arguments of counsel and in accordance with the preceding memorandum it is hereby ordered and decreed:

(1) Defendant's, Geisinger Clinic, preliminary objections in the form of a motion to strike for failure of pleading to conform to a rule of court in regard to the corporate negligence claim is granted.

(2) Defendants Dr. Martin and Geisinger Clinic's preliminary objection in the form of a motion to strike for lack of specificity in regard to ¶¶22 and 23 of the plaintiff's amended complaint is denied.

(3) Defendant's, Geisinger Health System Foundation, preliminary objection in the form of a motion to strike for failure of pleading to conform to a rule of court in regard to the corporate negligence claim is granted.

(4) Defendant Geisinger Health System Foundation's demurrer to the amended complaint in regard to subparagraphs 238(rrr) and (sss) is dismissed.

(5) The defendants', Moses Taylor Hospital, Moses Taylor Health Care System, Geisinger Clinic and Great

Valley Cardiology, preliminary objections in the form of motions to strike items in the amended complaint for lack of specificity per Pa.R.C.P. 1028(a)(2), in regard to the language "including but not limited to" is granted.

(6) The defendant Moses Taylor Hospital's motions to strike for failure of the pleading to conform to rule of law or rule of court pursuant to Pa.R.C.P. 1028(a)(2) in regard to language containing added allegations of negligence, specifically paragraphs 233, 234 and 235 of the amended complaint is denied.

(7) The defendant Moses Taylor Health Care System's motion to strike for failure of the pleading to conform to rule of law or rule of court pursuant to Pa.R.C.P. 1028(a)(2) in regard to language containing added allegations of corporate negligence, specifically paragraphs 16 and 236 is denied.

(8) The defendant Moses Taylor Health Care System's preliminary objection in the nature of a demurrer on the issue of corporate negligence is dismissed.

(9) The defendant's Great Valley Cardiology Associates Inc. and defendant's Thomas M. Roe M.D. motion for approval of the stipulation to striking subparagraphs (ppp) and (qqq) of paragraph 239 from the amended complaint is granted.