Raphael S. Tancredi, Richard J. Tancredi and Tancredi Apothecary, Petitioners v. Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Argued September 13, 1985, before Judge PALLADINO and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

388

Richard D. Atkins, for petitioners.

James J. Kutz, Deputy Attorney General, with him, Allen C. Warshaw, Deputy Attorney General, Chief, Special Litigation, and LeRoy S. Zimmerman, Attorney General, for respondent.

Opinion by Senior Judge Kalish, December 10, 1985:

Raphael S. and Richard J. Tancredi, t/a Tancredi Apothecary, have petitioned this court for review of an order of the State Board of Pharmacy (Board), which suspended their pharmacist licenses for one year. We affirm.

The Board cited the petitioners with numerous violations[1] of regulations under the Pharmacy Act.[2]

---

[1] The findings of violations generally included:

  1. Violations of bookkeeping records.

  2. Faulty dispensation of a dangerous drug.

  3. Inadequate security for drugs stored in the basement.

  4. Debris in the basement.

[2] Act of September 27, 1961, P.L. 1700, as amended, 63 P.S. §§390-1 to 390-13.

This case originally came to this court after a Board order revoked the petitioners' licenses.[3] After argument, this court remanded the case to the Board simply to review its penalty of revocation in light of this court's conclusion that the pharmacists' conduct was not "grossly unprofessional conduct" as that term is defined under the Pharmacy Act.[4] The Board took testimony relating to the reputation of the petitioners and that they were active in community affairs. The Board reduced the penalty from complete revocation to suspension for one year.

The petitioners contend that even though they admit to the violations, they were *de minimis* and that the penalty was too severe.

The issue before the Board on the remand was not the sufficiency of the evidence, which had previously been considered by this court and found to be substantial, but whether under the circumstances, it was an abuse of discretion to impose the penalty of revocation. On remand, the Board considered the mitigating circumstances and lowered the sanction. This sanction is amply supported by the evidence and was not an abuse of discretion.

## ORDER

The order of the State Board of Pharmacy, dated February 10, 1982, suspending the pharmacist licenses of Raphael S. Tancredi and Richard J. Tancredi, is affirmed.

Judge COLINS did not participate in the decision in this case.

---

[3] *Tancredi v. State Board of Pharmacy*, 54 Pa. Commonwealth Ct. 394, 421 A.2d 507 (1980).

[4] Section 5(a)(9) of the Pharmacy Act, 63 P.S. §390-5(a)(9).