# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Johnson, : 
                   Petitioner : 
                   : 
           v. : No. 781 C.D. 2022
                   : 
Department of Environmental : 
Protection and Coterra Energy, Inc. : 
(Environmental Hearing Board), : 
           Respondents : Submitted: June 4, 2024

## OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: November 21, 2024

       Lisa Johnson, Esq. (Attorney Johnson) petitions for review of the Environmental Hearing Board's (Board) June 7, 2022 Order granting Coterra Energy, Inc.'s (Coterra) Motion for Sanctions in the Form of Legal Fees (Sanctions Order). The Sanctions Order held Attorney Johnson, her law firm, Lisa Johnson & Associates, and her clients, Tonya Stanley, Bonnie Dibble, and Jeffrey Dibble (collectively, Landowners) jointly and severally liable for reimbursing Coterra $18,614.70 in legal fees and costs. The Board has never before imposed sanctions on a party's attorney. In this context, although unprecedented, there is more than enough evidence that the egregious conduct by Attorney Johnson established her "bad faith, harassment, unwarranted delaying tactics, and outright lying to the Board and opposing counsel, not to mention highly disrespectful, unprofessional conduct in general" such that the Board properly imposed sanctions pursuant to its regulations. Reproduced Record (R.R.) at 249a. Thus, for the reasons articulated below, we affirm.

## Background

The relevant background of this matter is set forth in this Court's opinion in *Stanley v. Department of Environmental Protection* (Pa. Cmwlth., Nos. 688, 740 C.D. 2022, filed November 21, 2024), and is incorporated herein.[1] For contextual purposes, we briefly recount the pertinent facts. This appeal stems from Attorney Johnson's representation of Landowners in their appeal of the Department of Environmental Protection's (Department) no-impact letter finding that the water quality issues on Landowners' property were not related to nearby oil and gas operations conducted by Coterra. On June 7, 2022, following extensive litigation before the Board, the Board entered the Sanctions Order granting Coterra's Motion for Sanctions in the Form of Legal Fees. R.R. 295a. In the accompanying opinion, the Board concluded that sanctions against Attorney Johnson and Landowners were warranted based on Attorney Johnson's previous filing of a Motion to Stay, which it found was not filed in good faith, but rather to cause unnecessary delay and increase in the cost of litigation. *Id.* at 292a-93a. Thus, the Board issued the Sanctions Order pursuant to the Board's regulations codified at 25 Pa. Code §§ 1021.31(c) and 1021.161. *Id.* at 295a. The Sanctions Order provided:

> AND NOW, this 7th day of June, 2022, in accordance with 25 Pa. Code §§ 1021.31(c) and 1021.161, it is hereby ordered that Coterra's motion or sanctions in the form of legal fees is granted. Lisa Johnson, Esquire, Lisa Johnson & Associates, and [Landowners] are jointly and severally liable for reimbursing Coterra $18,614.70 for the reasonable fees it incurred in responding to [Landowners'] February 3, 2022 motion to stay proceedings. Payment shall be made on or before July 7, 2022 to Amy L. Barrette, Esquire and/or Robert L. Burns, Esquire, of Buchanan Ingersoll & Rooney PC.

---

[1] In *Stanley*, Landowners appeal, *inter alia*, the Board's Sanctions Order.

2

*Id.*

## Issues

Attorney Johnson raises two issues for this Court's review. Her first issue embeds two challenges which we reorder for ease of discussion: first, she asserts the Board lacks authority to sanction a lawyer/law firm under the plain language of 25 Pa. Code § 1021.31, and second, the Board's order doing so infringes upon the exclusive authority of the Pennsylvania Supreme Court to regulate the practice of law. *See* PA. CONST. art. V, § 10(c).[2] Alternatively, she submits the Board failed to afford her adequate procedural due process before issuing the Sanctions Order and asks this Court to remand for an evidentiary hearing thereon.

## Board's Regulations

The Board's regulations appear at Chapter 1021 of the Pennsylvania Code, 25 Pa. Code §§ 1021.1-1021.201. Section 1021.31, titled "Signing," provides:

---

[2] Section 10(c) provides:

> (c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the Judicial Branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. Notwithstanding the provisions of this section, the General Assembly may by statute provide for the manner of testimony of child victims or child material witnesses in criminal proceedings, including the use of videotaped depositions or testimony by closed-circuit television.

PA. CONST. art. V, § 10(c).

(a) Every document directed to the Board and every discovery request or response of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name or, if a party is not represented by an attorney, shall be signed by the party. Each document must state the signer's mailing address, e-mail address and telephone number.

(b) The signature to a document described in subsection (a) constitutes a certification that the person signing, or otherwise presenting it to the Board, has read it, that to the best of his knowledge or information and belief there is good ground to support it, and that it is submitted in good faith and not for any improper purpose such as to harass, cause unnecessary delay or needless increase in the cost of litigation. There is good ground to support the document if the signer or presenter has a reasonable belief that existing law supports the document or that there is a good faith argument for the extension, modification or reversal of existing law.

(c) The Board may impose an appropriate sanction in accordance with § 1021.161 (relating to sanctions) for a bad faith violation of subsection (b).

25 Pa. Code § 1021.31. Section 1021.161, titled Sanctions, provides:

The Board may impose sanctions upon a party for failure to abide by a Board order or Board rule of practice and procedure. The sanctions may include dismissing an appeal, entering adjudication against the offending party, precluding introduction of evidence or documents not disclosed, barring the use of witnesses not disclosed, or other appropriate sanctions including those permitted under Pa.R.C[iv].P. 4019 (relating to sanctions regarding discovery matters).

4

25 Pa. Code § 1021.161. Pennsylvania Rule of Civil Procedure 4019 authorizes sanctions in several instances, including when the filing of a motion is made for the purpose of delay or in bad faith:

> (h) If the filing of a motion or making of an application under this chapter is for the purpose of delay or in bad faith, the court may impose on the party making the motion or application the reasonable costs, including attorney's fees, actually incurred by the opposing party by reason of such delay or bad faith. A party upon whom such costs have been imposed may neither (1) take any further step in the suit without prior leave of court so long as such costs remain unpaid nor (2) recover such costs if ultimately successful in the action.

Pa.R.Civ.P. 4019(h).

## Discussion

As explained above, Attorney Johnson's first issue encompasses two distinct questions for our review. First, she argues that the plain language of the Board's regulations only permits sanctions to be imposed upon a party, not an attorney representing a party or that attorney's law firm. Attorney Johnson's Brief at 19-21. Second, she argues that to the extent the Board's regulations are interpreted more expansively to permit the imposition of sanctions on an attorney or law firm, the regulations violate article 5, section 10(c) of the Pennsylvania Constitution, which grants the Pennsylvania Supreme Court the exclusive authority to regulate the practice of law.[3]

---

[3] As explained *infra*, the Department argues Attorney Johnson waived her constitutional challenge to 25 Pa. Code § 1021.31. However, neither the Department nor Coterra argue that Attorney Johnson waived her argument that the plain language of the Board's regulations forecloses the sanctioning of an attorney, and therefore, we address this issue. *See Herrera v. City of Espanola*, 32 F.4th 980, 997 n.9 (10th Cir. 2022) (discussing "waiver of the waiver" rule).

5

On the first question, Coterra and the Department respond that Attorney Johnson misinterprets the interplay between Sections 1021.31 and 1021.161. They submit that the Board sanctioned Attorney Johnson as authorized by Section 1021.31(c) after concluding that she executed and filed the Motion to Stay on behalf of Landowners in bad faith and to cause delay and increased costs in violation of Section 1021.31(b). Section 1021.31(c) explicitly permits the Board to impose appropriate sanctions for a bad faith violation of Section 1021.31(b) "in accordance with Section 1021.161." *Id.* § 1021.31(c). Coterra and the Department concede that the first sentence of Section 1021.161 contemplates the Board's sanctioning of a "party."[4] However, they disagree with Attorney Johnson's contention that this sentence functions to limit the Board's authority to impose a sanction for a bad faith signer under Section 1021.31(b) and (c) to only non-attorneys. They argue her proposed interpretation overreads 1021.31(c)'s cross-reference to 1021.161, which merely points to the list of sanctions the Board may impose on a bad faith signer.[5] In sum, Coterra and the Department argue the Board's authority to sanction a bad

---

[4] Coterra and the Department concede that the Board's regulations define "party" as "[a]n appellant, appellee, plaintiff, defendant, permittee or intervenor." 25 Pa. Code § 1021.2. However, because the Board's authority to sanction Attorney Johnson in this case stems from Section 1021.31(c), which does not limit sanctions to a "party," that definition is not relevant to the instant analysis.

[5] To further support their position, Coterra and the Department argue that Section 1021.161 makes available the sanctions permitted under Pennsylvania Rule of Civil Procedure 4019. While Rule 4019 also contemplates sanctions against a "party," Coterra and the Department note that "party" is not defined in the Pennsylvania Rules of Civil Procedure. Faced with the lack of definition of the term "party" before, this Court found the Judicial Code's definition instructive. *See In re Petition for Referendum to Amend Home Rule Charter of City of Pittsburgh*, 450 A.2d 802, 803 (Pa. Cmwlth. 1982). Section 102 of the Judicial Code defines "party" to mean "[a] person who commences or against whom relief is sought in a matter. The term includes counsel for such a person who is represented by counsel." 42 Pa. C.S. § 102. They argue this further supports their preferred construction of the regulations, as the Board's adoption of Rule 4019 sanctions undoubtedly includes a sanction of attorney's fees against a party's counsel.

6

faith signer under Section 1021.31 is independent of its authority to also sanction a party pursuant to Section 1021.161.

Coterra notes that taking Attorney Johnson's interpretation to its logical end renders the signing requirement in Section 1021.31 of the Board's regulations completely void as applied to attorneys – the most likely signers. In other words, it would only allow *pro se* litigants or an attorney's clients to be sanctioned for signing filings in bad faith. They argue this conclusion defies common sense and is not supported by an appropriate reading of the regulations at issue, which attaches a sanction to "the person signing" upon a finding of a violation of Section 1021.31(b). 25 Pa. Code § 1021.31(b), (c).

We agree with the Department and Coterra. Here, the Board concluded that Attorney Johnson violated Section 1021.31(b) of the Board's regulations when she, in bad faith, executed and filed the Motion for Stay on behalf of Landowners. Attorney Johnson's broad argument that an attorney's bad faith signature and filing in violation of Section 1021.31(b) is not sanctionable under 1021.31(c) misses the mark. She overreads the cross-reference to Section 1021.161 for the proposition that only a "party" can be sanctioned. However, the authorization to sanction in this case does not stem from Section 1021.161, but rather from Section 1021.31(c), which does not include any limitation to "parties." Instead, Section 1021.31(b) and (c) are clear that a bad faith signer can be sanctioned "in accordance with" Section 1021.161. Here, the Board's source of authority for sanctioning Attorney Johnson is Section 1021.31(c), and the Board did so in accordance with sanctions made available under Section 1021.161. We reject Attorney Johnson's contrary reading of the regulations at issue.

Attorney Johnson next argues that to the extent the Board's regulations can be read to permit the sanctioning of an attorney, those regulations are unconstitutional under article 5, section 10(c) of the Pennsylvania Constitution, which grants the Pennsylvania Supreme Court the exclusive jurisdiction to regulate the practice of law. The Department submits this Court cannot reach Attorney Johnson's constitutional challenge, as she failed to raise that issue before the Board. The Department maintains that unlike questions involving the validity of a statute, a challenge to the validity of a regulation is waived if not raised before the administrative agency. *See Moran v. Unemployment Comp. Bd. of Rev.*, 973 A.2d 1024, 1028 (Pa. Cmwlth. 2009); *Tancredi v. State Bd. of Pharmacy*, 421 A.2d 507, 511 (Pa. Cmwlth. 1980). The Department submits that not only did Attorney Johnson fail to challenge the Board's authority to sanction an attorney-signer under 25 Pa. Code § 1021.31(b) and (c) in the proceedings below, but she also actually requested that the Board impose sanctions on Coterra's counsel, taking the position directly opposite to the one now presented to this Court. R.R. at 106a.[6]

---

[6] The answer to Coterra's Motion for Sanctions, prepared by Attorney Johnson, stated:

**The Board has broad discretion to impose sanctions**, which include imposing monetary sanctions. Indeed, Coterra and Attorney Barrette remain aware of the pending criminal charges against Coterra and the pending ethical complaints. Coterra and its counsel have continuously harassed, intimidated and retaliated against Landowners and Landowners' counsel for identifying Coterra's reckless and criminal operations and the abuse of the legal process by its counsel. Coterra only intervened in this matter and only filed this motion to advance Coterra's mission, as confirmed by George Stark, Director of External Affairs, to further its attack on Landowners' counsel, and to intimidate Landowners from testifying freely in any proceeding. Accordingly, Landowners request an order, in the form attached to its response, denying Coterra's Motion with prejudice, disqualifying Attorney Barrette, Attorney Burns, and Buchanan Ingersoll & Rooney, **ordering that Coterra's counsel pay Landowners' counsel fees, costs, and expenses incurred in this matter, with fees being equal to the amount paid by Coterra**
**(Footnote continued on next page…)**

8

Attorney Johnson's constitutional challenge to the Board's imposition of sanctions to an attorney or law firm under 25 Pa. Code § 1021.31 is an attack on the validity of that regulation. In *Moran*, we held that "a challenge to the validity of a regulation is waived if not raised before the administrative agency." *Moran*, 973 A.2d at 1024 (quoting *Pa. Nat'l Mut. Casualty Ins. Co. v. Ins. Comm'r*, 551 A.2d 368, 372 (Pa. Cmwlth. 1988)). Because Attorney Johnson failed to raise a challenge to the constitutionality of the Board's regulations before the Board, the challenge is waived.[7]

---

**to Buchanan Ingersoll & Rooney**, and properly identifying Attorneys Barrette and Burns as necessary witnesses, to be placed under oath and answer Landowners and Landowners' counsel's questions.

R.R. 106a (emphasis added).

[7] In her reply to the Department's brief, Attorney Johnson frames her constitutional challenge to the Board's regulation at 25 Pa. Code § 1021.31 as a jurisdictional one that cannot be waived. *See* Attorney Johnson's Reply to Department's Brief at 4 (citing *Blackwell v. State Ethics Commission*, 567 A.2d 630, 636 (Pa. 1989)). She submits that because the Pennsylvania Constitution grants the Supreme Court exclusive jurisdiction to regulate the practice of law, the Board lacked subject matter jurisdiction to impose sanctions on an attorney. We reject Attorney Johnson's attempt to reframe her challenge to the Board's authority to sanction attorneys as one implicating the Board's subject matter jurisdiction for the sake of issue preservation. In summarizing the distinction between an agency's authority to act and its jurisdiction, this Court has stated:

> Jurisdiction and power are not interchangeable although judges and lawyers often confuse them—*Hellertown Borough Referendum Case*, [] 47 A.2d 273 ([Pa.] 1946). Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result.

*Riedel v. Hum. Rels. Comm'n of City of Reading*, 739 A.2d 121, 124 (Pa. 1999) (quoting *Delaware River Port Auth. v. Pub. Util. Comm'n*, 182 A.2d 682, 686 (Pa. 1962)); *see also Beltrami* **(Footnote continued on next page…)**

9

Last, Attorney Johnson argues the Board failed to provide her adequate due process before imposing sanctions.[8] She submits that she was not given notice of the scope of the conduct the Board would consider in imposing sanctions, and that she should have been afforded an evidentiary hearing. For the same reasons we rejected Landowners' procedural due process claim in *Stanley*, we reject Attorney Johnson's procedural due process claim here. *See Stanley*, slip op. at 17-20. The record is clear that Attorney Johnson was on notice of the contents of Coterra's Motion for Sanctions, filed a paragraph-by-paragraph response thereto, and refused the Board's offer to schedule oral argument thereon. *Id.* Her claims that she was not given notice or an opportunity to be heard are wholly without merit.

## Conclusion

For these reasons, the Board's Sanctions Order is affirmed.

---

*Enterprises, Inc. v. Dep't of Env't Res.*, 632 A.2d 989, 993 (Pa. Cmwlth. 1993) (fact that administrative agency may not have power to afford relief in particular case presented is of no moment to determination of its jurisdiction over general subject matter of controversy). Attorney Johnson's argument does not implicate the Board's jurisdiction to hear this general class of cases, but rather challenges the Board's power to sanction, which is distinct and waivable.

[8] This Court has explained that the "basic elements of procedural due process are 'adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.'" *S.F. v. Dep't of Hum. Servs.*, 298 A.3d 495, 510 (Pa. Cmwlth. 2023) (quoting *Cmwlth. v. Turner*, 80 A.3d 754, 764 (Pa. 2013)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Johnson,                                      :
                    Petitioner          :
                                 :
               v.                :    No. 781 C.D. 2022
                                 :
                                 :
Department of Environmental             :
Protection and Coterra Energy, Inc.     :
(Environmental Hearing Board),          :
                    Respondents        :

## PER CURIAM

## O R D E R

AND NOW, this 21st day of November 2024, the June 7, 2022 Order of the Environmental Hearing Board is AFFIRMED.